ERIC D. CHAN (State Bar No. 253082)
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517
Telephone: (310) 551-8111
Facsimile: (310) 551-8181
E-Mail:    echan@health-law.com

Attorneys for Salinas Valley Memorial Hospital System

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ENVIROTECH MOLDED PRODUCTS, INC., ENVIROTECH MOLDED PRODUCTS, INC. EMPLOYEE BENEFIT PLAN, and ELAP SERVICES, LLC,<br><br>　　　　　Defendants. | Case No. 17-CV-03887-LHK<br><br>**DECLARATION OF ERIC D. CHAN IN SUPPORT OF SALINAS VALLEY MEMORIAL HEALTHCARE SYSTEM'S OPPOSITION TO ELAP SERVICES, LLC'S MOTION TO DISMISS**<br><br>Date:　　May 31, 2018<br>Time:　　1:30 p.m.<br>Crtrm.:　 8<br><br>Hon. Judge Lucy H. Koh<br><br>Trial Date:　　　None Set |

**DECLARATION OF ERIC D. CHAN**

I, ERIC D. CHAN, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am a partner with the law firm of Hooper, Lundy & Bookman, P.C., counsel of record for Plaintiff Salinas Valley Memorial Healthcare System ("SVMHS" or "the Hospital") herein. The facts stated herein are personally known to me, and if called as a witness I could and would competently testify to them.

2. I make this declaration in support of SVMHS's Opposition to ELAP's Motion to Dismiss.

3. On December 6, 2017, during the initial Case Management Conference (CMC), I explained to the Court that lawyers for ELAP were paying for the Envirotech Defendants' legal defense in this lawsuit. Envirotech's counsel confirmed that this was true.

4. The Court then asked counsel for Envirotech whether, in addition to paying for Envirotech's defense, ELAP was also financially responsible for paying any of the benefit claims at issue. Counsel for Envirotech was unable to answer the question.

5. At the conclusion of the CMC, the Court orally granted the Hospital leave to amend to add ELAP as a defendant in the First Amended Complaint without the need to file a separate Motion to Amend.

6. Attached hereto as **Exhibit A** is a true and correct copy of excerpts to discovery responses that were recently provided by Envirotech to the Hospital's Requests for Production. Envirotech refused to produce agreements pursuant to which the benefits at issue in this case will paid. These responses are highlighted with red boxes.

7. Attorneys that regularly represent ELAP appear to be coordinating and directing Envirotech's defense in this lawsuit. Counsel for Envirotech and ELAP in this matter has consistently informed me that she must run every decision by an Atlanta attorney named Ted Lavender, who appears to act as ELAP's outside general counsel.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

8. Counsel for Envirotech and ELAP has also consistently represented that she is merely "local counsel" in this matter, and reports to Mr. Lavender – with the implication being that she is local counsel *for ELAP*.

9. Attached as **Exhibit B** hereto is a true and correct copy of a demand letter that I sent, on behalf of the Hospital, regarding the benefit claims at issue in this case to three separate entities: MBA Benefit Administrators; ELAP Services Inc., and Envirotech Molded Products, Inc. The letter has been redacted to obscure identifying information about the patient at issue. In this letter, the Hospital demanded that Defendants comply with the MOOP threshold requirement imposed by ACA.

10. Only ELAP responded to my letter. We received no responses from the Plan, from Envirotech, or even from MBA. Attached as **Exhibit C** hereto is the response that the Hospital received to ELAP. This letter is from Joanna Sprau, the same individual who has filed a Declaration in support of the instant Motion by ELAP. It has been redacted to obscure identifying information about the patient at issue.

11. ELAP has filed a copy of the full Summary Plan Description (SPD) for the Plan as an attachment to Ms. Sprau's Declaration. The Hospital repeatedly asked for the full SPD during the administrative process, as well as from the outset of this litigation onward. However, it was not until December 18, 2017, after the First Amended Complaint in this matter was on file, that counsel for Defendants mailed us with a CD containing a copy of the SPD.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 1, 2018, at Los Angeles, California.

*/s/ Eric D. Chan*
ERIC D. CHAN