# EXHIBIT B

HOOPER, LUNDY & BOOKMAN, P.C.

HEALTH CARE LAWYERS & ADVISORS
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TELEPHONE (310) 551-8111
FACSIMILE  (310) 551-8181
WEB SITE: WWW.HEALTH-LAW.COM

_____

OFFICES ALSO LOCATED IN
SAN DIEGO
SAN FRANCISCO
WASHINGTON, D.C.
BOSTON

ROBERT W. LUNDY, JR.
PATRIC HOOPER
LLOYD A. BOOKMAN
W. BRADLEY TULLY
JOHN R. HELLOW
LAURENCE D. GETZOFF
DAVID P. HENNINGER
TODD E. SWANSON
LINDA RANDLETT KOLLAR
MARK E. REAGAN
DARON L. TOOCH
GLENN E. SOLOMON
CRAIG J. CANNIZZO
SCOTT J. KIEPEN
MARK A. JOHNSON
STEPHEN K. PHILLIPS
HOPE R. LEVY-BIEHL
JODI P. BERLIN
STACIE K. NERONI
CHARLES B. OPPENHEIM
ROBERT L. ROTH*
DEVIN M. SENELICK
DAVID A. HATCH
M. STEVEN LIPTON
HARRY SHULMAN
PAUL T. SMITH
MATTHEW CLARK

ALL ATTORNEYS ARE ADMITTED IN CALIFORNIA
AND NOT D.C. OR MASSACHUSETTS UNLESS NOTED

* ADMITTED IN WASHINGTON, D.C.,
MARYLAND & PENNSYLVANIA ONLY
** ADMITTED IN WASHINGTON, D.C.,
& MARYLAND ONLY
*** ADMITTED IN WASHINGTON, D.C.
& PENNSYLVANIA ONLY
****ADMITTED IN WASHINGTON D.C.
*****ADMITTED IN MASSACHUSETTS
****** OF COUNSEL

KARL A. SCHMITZ
FELICIA Y SZE
JENNIFER A. HANSEN
**JAMES F. SEGROVES
ROSS E. CAMPBELL
**PRECIOUS MURCHISON GITTENS
*****JOSEPH R. LAMAGNA
AMANDA L. HAYES-KIBREAB
KATRINA A. PAGONIS
ERIC D. CHAN
*****DAVID S. SCHUMACHER
SANDI KRUL
NINA ADATIA MARSDEN
TRACY A. JESSNER HALE
KATHERINE M. DRU
*****AMY M. JOSEPH
BEN A. DURIE
****DAVID J. VERNON
STANTON J. STOCK
YANYAN ZHOU
*****MICHAEL A. ZABLOCKI
***KELLY A. CARROLL
RUBY W. WOOD
SANSAN LIN
BRIDGET A. GORDON
JONATHAN H. SHIN
JORDAN KEARNEY
BRETT MOODIE
MELISSA R. MORRISON-REYES
VINAY KOHLI
KEVIN N. ROYER
ANDREA L. FREY
ALICIA W. MACKLIN

WRITER'S DIRECT DIAL NUMBER:
(310) 551-8158

WRITER'S E-MAIL ADDRESS:
ECHAN@HEALTH-LAW.COM

FILE NO. 76873.915

February 28, 2017

**VIA OVERNITE EXPRESS**

ELAP Services, LLC
Attn: Tom Rogers, Appeals Processing
1550 Liberty Ridge Drive, Suite 330
Wayne, PA 19087

MBA Benefit Administrators, Inc.
Appeals Claims Department
P.O. Box 57340
Salt Lake City, UT 84157-0340

Envirotech Molded Products, Inc.
Attn: Ashley Thomas, Chief Financial Officer
1075 West North Temple
Salt Lake City, UT 84116-3303

Re:     *Failure by the EnviroTech Molded Products Employee Benefit Plan to Pay*
         *Salinas Valley Memorial Hospital System*

To Whom it May Concern:

I write on behalf of Salinas Valley Memorial Healthcare System ("SVMHS" or the "Hospital").  Last year, SVMHS treated a very sick patient, ████████, who was covered under the EnviroTech Molded Products, Inc. Employee Benefits Plan (the "Plan.")  SVMH cared for ████ for roughly two months, from January 17, 2016, through March 16, 2016, until ██████████.

SVMH billed a total of **$264,026.21** for ████████ care.  The Plan and its administrators (including ELAP and MBA Benefit Administrators) chose to pay just a fraction of those medical costs – just **$63,581.36**.  Neither the Plan nor its administrators have a contract with the Hospital. Thus, the Hospital is entitled to payment in full for the medical services it provided.

CONFIDENTIAL                                                                      SVMHS000113

HOOPER, LUNDY & BOOKMAN, P.C.
HEALTH CARE LAWYERS & ADVISORS

February 28, 2017
Page 2

We strongly urge you to reconsider your unjustified decision not to pay the Hospital's full bill.  Regardless of any so-called "audit" provisions contained in the Plan, the Plan must, at the very least, pay the entire remaining portion of the bill that is **above and beyond the federally imposed Maximum Out-of-Pocket (MOOP) limitation**, which in calendar year 2016 was $6,850 for an individual and $13,700 for a family.  For 2014 and all later years, the Affordable Care Act (ACA) requires health plans to limit patients' out-of-pocket liability for medical costs by paying 100% of medical expenses above and beyond the federally mandated limit.[1]

**ACA's MOOP requirement applies directly to self-funded ERISA plans**.  Section 715 of ERISA, (29 U.S.C. § 1185d), which was added by ACA section 1563(e), incorporates the provisions of part A of title XXVII of the PHS Act – including ACA Section 2707, which establishes the MOOP limitation – and makes them applicable to group health plans.

By shirking its responsibility to pay, the Plan imposes a tremendous amount of potential liability upon ▮▮▮▮▮▮▮▮▮▮▮▮, as well as upon the Hospital.  We therefore ask that you reconsider these claims and pay them consistent with the Plan's ACA obligations.

We are also confident that none of ACA's exceptions apply with respect to the Plan.  While we will spare you the full exposition of the legal authorities, we note that the Plan has chosen not to establish any network of facility providers, which renders it ineligible to exclude balance-billing amounts from counting towards the MOOP limit.

Further, ▮▮▮▮▮▮ received a number of diagnostic tests during her stay (including lab work, radiology tests, and a PET scan).  The plan does not appear to dispute that these services were medically necessary as part of ▮▮▮▮ inpatient care, given ▮▮▮ very serious diagnoses (which included ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.)  The patient was not afforded any real choice of provider.  The charges for these services must be paid in full, just like the patient's inpatient care.

For all these reasons, the Plan must count all out-of-network balance bill amounts towards the Out-of-Pocket Maximum for calendar year 2016.  We expect payment of the entire remainder of the balance of the patient's medical bill ($200,444.85), less the $6,850 out-of-pocket maximum (or whatever the Plan's internal OOP max is, if it is lower than that.)

---

[1] *See* Departments of Labor, Health and Human Services, and Treasury, ACA Implementation FAQs Set 18, January 9, 2014, available at https://www.dol.gov/ebsa/faqs/ or at https://www.cms.gov/CCIIO/Resources/Fact-Sheets-and-FAQs/aca_implementation_faqs18.html (citing ACA Section 1302(c)(4)); *see also* Healthcare.gov, Out-of-pocket maximum/limit, https://www.healthcare.gov/glossary/out-of-pocket-maximum-limit/ (MOOP limits for 2016 and 2017).

1224831.2

CONFIDENTIAL

HOOPER, LUNDY & BOOKMAN, P.C.
HEALTH CARE LAWYERS & ADVISORS

February 28, 2017
Page 3

Given that you have represented in prior correspondence that the Plan has a one-year limitation on the filing of lawsuits, we respectfully request a response **no later than March 15, 2017** so that we can proceed directly to litigation if EnviroTech continues to refuse to abide by its ACA payment obligations.[2]

Finally, the Hospital expressly reserves <u>all</u> rights, including the right to balance bill the patient's estate and the right to sue under ERISA based on our assignments of benefits – regardless of any language in the Plan that attempts to curtail these rights.  We note in passing that ERISA is an appropriate and well-recognized mechanism for enforcing the requirements of the ACA.

We look forward to your prompt response.

Very truly yours,

Eric D. Chan

---

[2] We have been provided an incomplete excerpt of the Plan Document and/or Summary Plan Description (SPD) for this Plan, so cannot adequately verify whether this time limitation on filing was properly disclosed to Plan beneficiaries and participants, such that it is enforceable. We ask that you please provide the complete Plan and/or SPD for the years 2016 and 2017.

1224831.2

CONFIDENTIAL